IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON H. VAN HOOK, #81975-509, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-02324-JPG |
| ) | |
| DEPUTY McDANIEL, ) | |
| CAPTAIN WALLACE, ) | |
| V. HANES, and ) | |
| JEFFERSON COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Marlon Van Hook brings this civil rights action *pro se* against officials at Jefferson County Jail located in Mt. Vernon, Illinois. In the Complaint, Plaintiff claims that officers subjected him to unconstitutional living conditions and excessive force at the Jail. (Doc. 1, p. 6). He seeks money damages against them. *Id*. at 7. The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires this Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. *Id*. At this stage, the *pro se* complaint is liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). When construed as a civil rights complaint filed under 42 U.S.C. § 1983, one or more claims survive screening.[1]

---

[1] Plaintiff used this District's standard civil rights complaint form to prepare the Complaint, and he designated this action as one brought by a federal prisoner under 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Because he sues local officials for alleged constitutional deprivations, this case is more appropriately characterized as a civil rights action under 42 U.S.C. § 1983.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): During his detention at Jefferson County Jail, Plaintiff was placed in Cell 6 of Housing Unit D on or around April 18, 2024.  Plaintiff noticed human feces and urine leaking from the broken toilet, so he asked Officer Barbour to move him to a more humane cell.  The officer entered the cell, observed the filth, admitted seeing it, and agreed to ask Lt. Hanes for permission to move Plaintiff.  When Plaintiff later learned that the request was denied, he protested by flooding Cell 6.  Jail officials left him in the cell overnight, with a half inch of water on the cell floor.  *Id*.

The next morning, Plaintiff was allowed to exit his cell.  He took his sleeping mat and personal belongings with him and refused to return to Cell 6.  Officers shot him with a taser.  While Plaintiff lay on the floor in handcuffs, a deputy straddled his back.  Deputy McDaniel then stomped Plaintiff's head three separate times while holding a stun gun against his back.  Deputy McDaniel also tried to remove Plaintiff's cuffs by pulling them off his wrists, instead of unlocking them with the key.  *Id*.

## Preliminary Dismissals

**1.   Jefferson County Jail**

Jefferson County Jail is named as a defendant, but the Jail is not a person subject to suit under 42 U.S.C. § 1983.  *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).  The county jail is not considered a suable entity under Illinois law.  *See* FED. R. CIV. P. 17(b); *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Plaintiff might have intended to name the county instead of the Jail, but the Complaint also articulates no claim against Jefferson County.  To do so, Plaintiff must allege that an official policy, custom, or

practice of the county caused a deprivation of his rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The allegations suggest no such thing, so Jefferson County Jail shall be dismissed with prejudice.

**2.   Captain Wallace**

Plaintiff identifies Captain Wallace as a defendant in the Complaint and makes no allegations against the captain. When a plaintiff fails to include the name of a defendant in his statement of claim, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). In other words, merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Captain Wallace shall be dismissed from this action without prejudice.

**3.   Officer Barbour and Other Unnamed Officers**

Plaintiff mentions Officer Barbour and other unidentified "officers" and "officials" in the statement of his claim but does not identify them as defendants in the Complaint. The Court will not treat these individuals as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). All claims against Office Barbour and the other unidentified "officers" and "officials" are considered dismissed without prejudice.

## Discussion

Turning to the allegations against Deputy McDaniel and Lieutenant Hanes, the Court finds it appropriate to designate the following two (2) counts in the *pro se* Complaint:

**Count 1**: Eighth or Fourteenth Amendment claim against Deputy McDaniel for using excessive force against Plaintiff by shooting him with a taser gun, stomping his head, and/or forcefully removing his cuffs on or around April 18, 2024.

**Count 2**: Eighth or Fourteenth Amendment claim against Lieutenant Hanes for subjecting Plaintiff to unconstitutional living conditions by placing him in Cell 6 of Housing Unit D when the toilet was leaking feces and urine for approximately 24 hours on or around April 18, 2024.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The legal standard that governs these claims depends on Plaintiff's status as a pretrial detainee or convicted person while housed at Jefferson County Jail.

If he was a pretrial detainee, both claims are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (articulating applicable standard for pretrial detainee's excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (articulating applicable standard for pretrial detainee's unconstitutional conditions and/or medical claims); *McCann v. Ogle Cty., Illinois,* 909 F.3d 881 (7th Cir. 2018) (same). To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable" based on "the totality of the facts and circumstances faced by the individual." *Kingsley*, 576 U.S. at 392-93; *Miranda*, 900 F.3d at 352-54; *McCann,* 909 F.3d at 886.

If Plaintiff was a convicted person, the claims are governed by the Eighth Amendment, which prohibits cruel and unusual punishment of prisoners. The Eighth Amendment requires a showing of a sufficiently serious deprivation (an objective standard) and deliberate indifference by the defendant (a subjective standard). *See Guitron v. Paul*, 675 F.3d 1044 (7th Cir. 2012) (articulating applicable standard for prisoner's excessive force claim); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (articulating applicable standard for prisoner's conditions claim).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Application of either standard to these claims yields the same result.  **Count 1** survives screening against Deputy McDaniels for allegedly using excessive force against Plaintiff by shooting him with a taser, stomping on his head, and/or forcefully removing his handcuffs on or around April 18, 2024.  **Count 2** does not survive screening against Lieutenant Hanes for subjecting Plaintiff to unconstitutional conditions of confinement, and this claim shall be dismissed without prejudice for failure to state a claim.

Lieutenant Hanes merely served as a supervisor to Officer Barbour—the officer who was directly involved in exposing Plaintiff to filthy living conditions in Cell 6.  When a plaintiff brings a claim under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right, and he has not met this standard for Lieutenant Hanes.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).  "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."  *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  The allegations in the Complaint fall short of pleading a claim for unconstitutional conditions of confinement against Lieutenant Hanes, who was not alleged to have any involvement in the decision to place Plaintiff in Cell 6 or in the decision to keep him there.  Officer Barbour merely mentioned that he would ask the lieutenant for permission to move Plaintiff; no allegations suggest that this ever occurred or that the lieutenant was the person who refused to move Plaintiff.  Count 2 shall be dismissed without prejudice against Lieutenant Hanes.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** survives screening against **DEPUTY McDANIEL**, and **COUNT**

**2** is **DISMISSED** without prejudice against **V. HANES** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JEFFERSON COUNTY JAIL** is **DISMISSED** with prejudice, and **CAPTAIN WALLACE** is **DISMISSED** without prejudice because the Complaint fails to state a claim against them.

**The Clerk of Court is DIRECTED to TERMINATE Defendants JEFFERSON COUNTY JAIL and CAPTAIN WALLACE as parties in CM/ECF and ENTER this Court's standard HIPAA Qualified Protective Order.**

With respect to **COUNT 1**, the Clerk is **DIRECTED** to prepare for Defendant **DEPUTY McDANIEL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk should mail these forms and a copy of the Complaint (Doc. 1) and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/19/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**